**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **MAGNACROSS LLC,**<br><br>    Plaintiff,<br> v.<br><br>**TRENDNET INC.,**<br><br>    Defendant. | CIVIL ACTION NO. 2:16-cv-518<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Magnacross LLC files this Original Complaint for Patent Infringement against TRENDnet Inc., and would respectfully show the Court as follows:

### I. THE PARTIES

1. Plaintiff Magnacross LLC ("Magnacross" or "Plaintiff") is a Texas limited liability company with its principal place of business in the Eastern District of Texas at 5900 South Lake Forest Drive, Suite 300, McKinney, Texas 75070.

2. On information and belief, Defendant TRENDnet Inc. ("Defendant"), is a corporation organized and existing under the laws of the State of California, with its principal place of business at 20675 Manhattan Place, Torrance, California 90501.

### II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at

least to its substantial business in this forum, including at least a portion of the infringements alleged herein.

5. Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and this District. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in the State of Texas and in this District. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within the State of Texas and within this District. Defendant has committed such purposeful acts and/or transactions in the State of Texas and in this District such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Defendant has sufficient contacts with the State of Texas and this District such that this Court is a fair and reasonable venue for the litigation of this action. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts and is subject to personal jurisdiction in this District for at least the reasons identified above, including due at least to its sale of products and/or services within the State of Texas and from this District.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,917,304)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On July 12, 2005, United States Patent No. 6,917,304 ("the '304 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '304 Patent is titled "Wireless Mutliplex [*sic*] Data Transmission System." The PCT application leading to the '304 Patent was filed on April 3, 1998. A true and correct copy of the '304 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Magnacross is the assignee of all right, title and interest in the '304 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '304 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '304 Patent by Defendant.

11. The invention in the '304 Patent relates to methods and apparatuses for the wireless transmission of data through a communications channel from at least two local data sensors to a data processor. (Ex. A at col. 1:4-7). Prior to the filing of the initial application in 1997, the inventors of the '304 patent recognized that there were problems with the efficiency of transmitting data from sensors to data processors. (Ex. A at col. 1:4-7; col. 2:5-13). Conventional methods usually had data transmitted from data sensors to the data processors using cables that put limitations on the convenience and operations of the equipment. (*Id.* at col. 1:37-40). Attempts were made to achieve wireless transmission from the data sensors to data processors; however, these attempts had shortcomings. One main issue with the conventional

wireless transmission systems is they resulted in inefficient bandwidth utilization. (*Id.* at col. 1:50 – 2:1). For example, in a system in which there are sensors that require high data transmission rates and sensors that require lower data transmission rates, a conventional system would set aside the same amount of bandwidth for both types of sensors necessarily resulting in overutilization or underutilization of bandwidth requirements. (*See id.*).

12. The inventors therefore created a method and system by which data sensors with substantially different data rates required for data transmission would have the data transmitted over an asymmetrically divided communication channel such that the data from the sensors is allocated to ones or groups of the sub-channels based on the data carrying capacities of the sub-channels. (*See id.* at col. 7:30-45; col. 8:20-35). For example, a data sensor with higher data rate requirements was assigned a sub-channel or group of sub-channels with a higher data rate capacity and a data sensor with lower data rate requirements was assigned a sub-channel with a lower data rate capacity. (*e.g.*, *see id.* at col. 5:22-26).

13. **Direct Infringement.** Upon information and belief, Defendant has been and now is directly infringing at least claim 12 of the '304 patent in the State of Texas, in this District, and elsewhere in the United States, by actions comprising making, using, selling, and/or offering for sale an apparatus for wireless transmission of data in digital and/or analog format through a communications channel from at least two local data sensors to a data processing means, including without limitation Defendant's wireless routers, including TRENDnet N150, N300, N600 802.11b/g/n Wireless N Home Routers ("Accused Instrumentality").

14. Upon information and belief, the Accused Instrumentality is an apparatus for wireless transmission of data in digital format through a communications channel, for example, the 2.4 GHz channel, between approximately 2.4 GHz and 2.5 GHz. Data sensors, such as data

sensors that use the IEEE 802.11 b/g and IEEE 802.11n wireless specifications to transmit over a wireless local area network, can be wirelessly connected to the Accused Instrumentality to transmit data through the communication channel to a data processing means. Upon information and belief, the Accused Instrumentality has a multiplexer adapted to divide the communications channel into sub-channels and has a transmitter to transmit data through the sub-channels. For example, upon information and belief, the Accused Instrumentality may divide the 2.4 GHz channel into multiple sub-channels through which data can be transmitted. The multiplexer is adapted to divide the communications channel asymmetrically such that the data carrying capacities of the sub-channels are unequal. For example, the data carrying capacity for channels of the Accused Instrumentality using the 802.11g specification is unequal to the data carrying capacity for channels using the 802.11n.

15. Upon information and belief, the Accused Instrumentality has a controller that allocates data from the local data sensors to ones or groups of the communications sub-channels in accordance with the substantially different data rate requirements of the local sensors. For example, the data sensors that use the 802.11g specification can have a substantially different data rate requirement than data sensors using the 802.11n specification and the data from the data sensors are allocated to the channels for the appropriate specification.

16. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '304 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17. On information and belief, Defendant will continue its infringement of one or more claims of the '304 patent unless enjoined by the Court. Each and all of the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

18. On information and belief, Defendant has had at least constructive notice of the '304 patent by operation of law, and there are no marking requirements that have not been complied with.

## VI. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 6,917,304 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 6,917,304; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  May 17, 2016 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ David R. Bennett*

By:　David R. Bennett
　　　Direction IP Law
　　　P.O. Box 14184
　　　Chicago, IL 60614-0184
　　　Telephone: (312) 291-1667
　　　e-mail:  dbennett@directionip.com

**ATTORNEY FOR PLAINTIFF
MAGNACROSS LLC**